# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY LANE STEPHENS,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No. 1:26-cv-01076-JLT-EGC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY IN INTEREST; VACATING HEARING DATE**<br><br>(Doc. 17) |

On February 6, 2026, this action was removed from the Superior Court of California, County of Fresno. (Doc. 1). Plaintiff's Complaint alleges violations of the Song-Beverly Act (Doc. 1-2).

Now before the Court is Plaintiff's Motion for an Order Substituting Successor-In-Interest for Deceased Petitioner filed on September 23, 2026, pursuant to Federal Rule of Civil Procedure 25(a)(1). (Doc. 17). Having reviewed the papers filed in connection with the Motion, the Court deems the matter suitable for decision without oral argument. As such, the hearing on the Motion, currently set for November 6, 2026, is VACATED. For the reasons set forth below, the Court shall grant Plaintiff's motion.

## I. BACKGROUND

On February 6, 2026, this action was removed from the Superior Court of California, County of Fresno. (Doc. 1). The complaint alleges that on February 14, 2021, Plaintiff purchased a 2021 Ford F-150 vehicle that suffered from serious defects and nonconformities to its warranty. (*Id.* at 1–2).

Plaintiff filed the instant motion seeking to substitute the successor-in-interest, Pamela T. Stephens on September 23, 2026. (Doc. 17). The motion includes a declaration of Pamela T. Stephens declaring under penalty of perjury that Plaintiff Casey Lane Stephens ("Decedent") died on July 8, 2026, however, the Decedent's death certificate was mistakenly omitted from the attachments. (Doc. 17-1). Pamela T. Stephens is Decedent's wife/widow, his heir, and his successor-in-interest. (*Id.* at 2). In the declaration, Pamela T. Stephens states that there are no other proceedings pending in California the administration of Decedent's estate. (*Id.*). Nor does any other person have a superior right to Pamela T. Stephens to commence or continue the present action. (*Id.*).

Defendants have not filed an opposition or objection to the motion and the time to do so has passed.

## II. LEGAL STANDARD

Rule 25(a)(1) governs the issue of substitution and provides that: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed.R.Civ.P. 25(a)(1).

Therefore, in deciding a motion to substitute under Rule 25(a)(1), the Court must consider whether (1) the motion is timely, (2) the claims pled are extinguished, and (3) the person being substituted is a proper party. If the requirements of Rule 25(a)(1) are met, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996). "Rule 25(a) should be applied flexibly and liberally to permit substitution of the party or parties who . . . would adequately represent [the decedent's] interests." *In re Baycol Prods. Litig.*, 616 F.3d 778, 789 (8th Cir. 2010).

//

//

## III. ANALYSIS

As an initial matter, the pending motion was timely filed in accordance with Rule 25(a)(1). Decedent died on July 8, 2026, and the request for substitution was filed within 90 days of his death.

The Court next determines if the claims are extinguished.

Substitution is limited to claims that are not extinguished by death of a party. Rule 25(a)(1) allows substitution of a party only when a plaintiff's "claim is not extinguished" by their death. Fed. R. Civ. P. 25(a)(1). Furthermore, the law of the forum state determines whether a cause of action survives or is extinguished upon the death of the party. *See* 42 U.S.C. § 1988(a); *see also Gutierrez v. Discount Gold Brokers, Inc.*, 2020 WL 7247318, at *1 (C.D. Cal. Feb. 25, 2020).

In his complaint filed in state court, Decedent alleged claims of breach of warranty under the Song-Beverly Act. (Doc. 1-2). Under California law, a cause of action survives a person's death unless otherwise provided by statute. Cal. Civ. Proc. Code § 377.20(a). The claims alleged survive a plaintiff's death. *See Ochoa v. Superior Court*, 39 Cal. 3d 159, 174 (1985) (stating that a "decedent's claim is in the nature of a tort . . . such a claim survives his death and may be brought by the administrator of his estate"); *see also Barney v. Aetna Cas. & Sur. Co.*, 185 Cal. App. 3d 966, 973 (1986) (finding that an "action for breach of the covenant of good faith and fair dealing survives [a plaintiff's] death"); *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1094 (9th Cir. 2006) ("If an injury giving rise to liability occurs before a decedent's death, then the claim survives to the decedent's estate. Where there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law.") (citing Cal. Civ. Proc. Code §§ 377.30, 377.32). Neither Plaintiff nor Defendant cited any contrary statutory provisions that would preclude the claim. As a result, the claims survive the death of Plaintiff.

Finally, the Court determines if Decedent's wife/widow, Pamela T. Stephens is a proper party under Rule 25(a)(1)(3). This Court has subject matter jurisdiction under 28 U.S.C § 1332 and in cases based on diversity, courts look to state law to determine the "proper party"

under Rule 25(a)(1). *Fox v. City of Tulare*, 2014 WL 897040, at *6 (E.D. Cal. Mar. 5, 2014) (*citing In re Baycol Products Litig.*, 616 F.3d 778, 785 (8th Cir. 2010)). Under the Civil Code of California, a decedent's personal representative or successor in interest can move to continue a pending action or proceeding on behalf of the decedent. Cal. Code Civ. P. § 377.31. California Civil Code further elaborates that a "decedent's successor in interest" is the "beneficiary of the decedent's estate" or the "successor in interest who succeeds to a cause of action." Cal. Code Civ. P. § 377.11. The Civil Code further requires the successor in interest to attest to certain affirmative statements in a declaration and to attach the decedent's death certificate to the filing. Cal. Code Civ. P. §§ 377.32(a)–(c).

Pamela T. Stephens has demonstrated that she is a proper party for substitution. In the declaration, she states she is the successor in interest and there is no other person with a superior right to commence or continue this action besides her. (Doc. 17-1 at 2). Moreover, she declared under penalty of perjury that Decedent died in Madera, California on July 8, 2026. (*Id.*). Thus, the statutory requirements of Cal. Civil Code § 337.32 are satisfied and Pamela T. Stephens is a proper party for substitution under Rule 25(a)(1).

## IV. CONCLUSION & ORDER

Pamela T. Stephens has presented evidence that establishes the requirements of Rule 25(a)(1) are met for Plaintiff's claims for violations of the Song-Beverly Act.

Accordingly, the Court **HEREBY ORDERS:**

1. The motion to substitute Pamela T. Stephens as Plaintiff (Doc. 17) is GRANTED.
2. Pamela T. Stephens SHALL be substituted for the Plaintiff in this action
3. The Clerk of Court is DIRECTED to add Pamela T. Stephens as Plaintiff and terminate Casey Lane Stephens as Plaintiff.
4. The hearing set for November 6, 2026 is VACATED.

IT IS SO ORDERED.

Dated: **October 15, 2026**

[signature: Erin Sing Castillo]
UNITED STATES MAGISTRATE JUDGE